**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
MANUEL REYNOSO and LUIS RODRIGUEZ,
*individually and on behalf of others similarly situated,*

                                                   **ANSWER**

                 *Plaintiffs,*

-against-                                     Docket No. 1:20-cv-03010 (BMC)

JACK'S EGGS AND OTHER INGREDIENTS LLC
(D/B/A JACK'S EGG FARM), JACK NEUSTADT,
and MORDECAI NEUSTADT,

                 *Defendants.*
-----------------------------------------------------------------------X

       Defendants, by their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Subject Complaint, sets forth the following:

       1.     Admit the allegations of Paragraph 1 of the Subject Complaint.

       2.     Neither admit nor deny the allegations of Paragraph 2 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

       3.     Deny the allegations of Paragraph 3 of the Subject Complaint.

       4.     Admit the allegations of Paragraph 4 of the Subject Complaint.

       5-10.   Deny the allegations of Paragraphs 5-10 of the Subject Complaint.

       11-13.  Neither admit nor deny the allegations of Paragraphs 11-13 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

14. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Subject Complaint.

15. Neither admit nor deny the allegations of Paragraph 15 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

16. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Subject Complaint.

17. Neither admit nor deny the allegations of Paragraph 17 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

18. Neither admit nor deny the allegations of Paragraph 18 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief.  If any allegations of fact are made therein, they are denied.

19-21. Deny the allegations of Paragraphs 19-21 of the Subject Complaint.

22. Admit the allegations of Paragraph 22 of the Subject Complaint.

23. Neither admit nor deny the allegations of Paragraph 23 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief.  If any allegations of fact are made therein, they are denied.

24. Deny the allegations of Paragraph 24 of the Subject Complaint.

25-26.     Neither admit nor deny the allegations of Paragraphs 25-26 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief.  If any allegations of fact are made therein, they are denied.

27-28.     Deny the allegations of Paragraphs 27-28 of the Subject Complaint.

29.     Neither admit nor deny the allegations of Paragraph 29 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief.  If any allegations of fact are made therein, they are denied.

30-31.     Deny the allegations of Paragraphs 30-31 of the Complaint except as to admit same as they apply to the first named Defendant ("Jack's").

32.     Neither admit nor deny the allegations of Paragraph 32 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief.  If any allegations of fact are made therein, they are denied.

33.     Neither admit nor deny the allegations of Paragraph 33 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

34.     Admit the allegations of Paragraph 34 of the Subject Complaint.

35.     Deny the allegations of Paragraph 35 of the Subject Complaint.

36-37.     Neither admit nor deny the allegations of Paragraphs 36-37 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

38.     Deny the allegations of Paragraph 38 of the Subject Complaint.

39-43. Neither admit nor deny the allegations of Paragraphs 39-43 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

44-45. Deny the allegations of Paragraphs 44-45 of the Subject Complaint.

46. Neither admit nor deny the allegations of Paragraph 46 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

47. Deny the allegations of Paragraph 47 of the Subject Complaint.

48-50. Neither admit nor deny the allegations of Paragraphs 48-50 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

51. Deny the allegations of Paragraph 51 of the Subject Complaint.

52. Neither admit nor deny the allegations of Paragraph 52 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

53. Admit the allegations of Paragraph 53 of the Subject Complaint.

54. Deny the allegations of Paragraph 54 of the Subject Complaint.

55-60. Neither admit nor deny the allegations of Paragraphs 55-60 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

61. Deny the allegations of Paragraph 61 of the Subject Complaint.

62. Neither admit nor deny the allegations of Paragraph 62 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

63. Deny the allegations of Paragraph 63 of the Subject Complaint.

64-66. Neither admit nor deny the allegations of Paragraphs 64-66 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

67. Neither admit nor deny the allegations of Paragraph 67 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

68-71. Deny the allegations of Paragraphs 68-71 of the Subject Complaint.

72. Neither admit nor deny the allegations of Paragraph 72 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

73. Deny the allegations of Paragraph 73 of the Subject Complaint.

74-75. Neither admit nor deny the allegations of Paragraphs 74-75 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

76-78. Deny the allegations of Paragraphs 76-78 of the Subject Complaint.

79-80. Neither admit nor deny the allegations of Paragraphs 79-80 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

81. Neither admit nor deny the allegations of Paragraph 81 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

82-83. Deny the allegations of Paragraphs 82-83 of the Subject Complaint.

84. With respect to the allegations of Paragraph 84 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-83 of the Subject Complaint, as though set forth at length herein.

85. Deny the allegations of Paragraph 85 of the Subject Complaint.

86. Admit the first named Defendant is engaged in commerce and otherwise deny the allegations of Paragraph 86 of the Subject Complaint.

87. Neither admit nor deny the allegations of Paragraph 87 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

88-90. Deny the allegations of Paragraphs 88-90 of the Subject Complaint.

91. With respect to the allegations of Paragraph 91 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-90 of the Subject Complaint, as though set forth at length herein.

92-94. Deny the allegations of Paragraphs 92-94 of the Subject Complaint.

95. With respect to the allegations of Paragraph 95 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-94 of the Subject Complaint, as though set forth at length herein.

96. Neither admit nor deny the allegations of Paragraph 96 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

97-99. Deny the allegations of Paragraphs 97-99 of the Subject Complaint.

100. With respect to the allegations of Paragraph 100 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-99 of the Subject Complaint, as though set forth at length herein.

101-103. Deny the allegations of Paragraphs 101-103 of the Subject Complaint.

104. With respect to the allegations of Paragraph 104 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-103 of the Subject Complaint, as though set forth at length herein.

105. Neither admit nor deny the allegations of Paragraph 105 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

106. Neither admit nor deny the allegations of Paragraph 106 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

107. With respect to the allegations of Paragraph 107 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-106 of the Subject Complaint, as though set forth at length herein.

108. Neither admit nor deny the allegations of Paragraph 108 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

109. Neither admit nor deny the allegations of Paragraph 109 of the Subject Complaint, as they are not allegations of fact, but rather legal conclusions or prayers for relief. If any allegations of fact are made therein, they are denied.

110. With respect to the allegations of Paragraph 110 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-109 of the Subject Complaint, as though set forth at length herein.

111-112. Deny the allegations of Paragraphs 111-112 of the Subject Complaint.

113. With respect to the allegations of Paragraph 113 of the Subject Complaint, Defendant repeats and reiterates every admission and denial or other response, set forth herein in response to Paragraphs 1-112 of the Subject Complaint, as though set forth at length herein.

114. Neither admit nor deny the allegations of Paragraph 114 of the Subject Complaint, and instead respectfully refer the Court to the document(s) in question, the terms of which speak for themselves.

115. Deny the allegations of Paragraph 115 of the Subject Complaint.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1. By way of further answer, Defendants assert the following defenses. In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST DEFENSE

2. Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted as a matter of fact and law.

### AS AND FOR A SECOND DEFENSE

3. At all times relevant hereto, Defendants acted in good faith and have not violated any rights secured under any state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD DEFENSE

4. Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A FOURTH DEFENSE

5. Any acts or omission on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such act or omissions were not in violation of the New York Labor Law ("NYLL") and the Fair Labor Standards Act.

### AS AND FOR A FIFTH DEFENSE

6. Plaintiff's Complaint fails to state a claim under federal or New York law upon which either pre-judgment or post-judgment interest, liquidated damages, or attorneys' fees may be awarded.

**AS AND FOR A SIXTH DEFENSE**

7. Without admitting that Plaintiff was subject to the overtime and wage hour provisions of the New York State Labor Law or the Fair Labor Standards Act, Plaintiff was paid properly under all applicable wage and hour laws.

**AS AND FOR A SEVENTH DEFENSE**

8. Plaintiff's claims are barred, in whole or in part, by their failure to exhaust administrative remedies.

**AS AND FOR AN EIGHTH DEFENSE**

9. Plaintiff and the persons on whose behalf he purports to bring this action cannot establish a willful violation under the NYLL or the Fair Labor Standards Act ("FLSA").

**AS AND FOR A NINTH DEFENSE**

10. Plaintiff and the persons on whose behalf he purports to bring this action, cannot recover liquidated damages because Defendants acted in good faith and had reasonable grounds for believing that their acts or omissions were not in violation of the NYLL or the FLSA.

**AS AND FOR A TENTH DEFENSE**

11. To the extent discovery reveals Plaintiffs falsely reported their hours of work and there is no evidence that Defendants authorized, suffered or permitted the false reporting of hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiff.

**AS AND FOR AN ELEVENTH DEFENSE**

12. Even if Defendants have, in fact, failed to pay Plaintiff for any of the activities alleged in Plaintiff's Complaint, such activities do not constitute compensable work under the

NYLL and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

## AS AND FOR A TWELFTH DEFENSE

13. Plaintiff's claims are barred in whole or in part by the doctrine of de minimis non curat lex.

## AS AND FOR A THIRTEENTH DEFENSE

14. Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

## AS AND FOR A FOURTEENTH DEFENSE

15. The Complaint is barred, in whole or in part, pursuant to New York and Federal Law as Defendants have acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or of the New York State Department of Labor.

## AS AND FOR A FIFTEENTH DEFENSE

16. The Complaint is barred, in whole or in part, pursuant to New York and Federal Law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of any Law and, as such, Defendants assert a lack of willfulness or intent to violate any applicable state law.

## AS AND FOR A SIXTEENTH DEFENSE

17. Plaintiff failed to exercise reasonable care to mitigate his damages, if any, and his right to recover against Defendants should be reduced and/or eliminated due to such failure.

**AS AND FOR A SEVENTEENTH DEFENSE**

18. Plaintiff's claims are barred to the extent that no private right of action exists concerning enforcement of, or damages related to the NYLL and regulations related thereto. See, Franco v. Jubliee First Avenue Corp., 2016 WL 4487788, *13 (S.D.N.Y. Aug. 25, 2016); Guaman v. Krill Contracting. Inc., 2015 WL 3620364, *8-9 (E.D.N.Y. June 9, 2015); Guan Ming Lin v. Benihana New York Com., 2012 WL 7620734 (S.D.N.Y. Oct. 23, 2012).

**AS AND FOR AN EIGHTEENTH DEFENSE**

19. Plaintiff's claims are barred by the doctrines of payment, tender, discharge, waiver or abandonment.

**AS AND FOR A NINETEENTH DEFENSE**

20. Plaintiff's claims are barred in whole or in part to the extent the work they performed falls within exemptions, exclusions, offsets or credits, including but not limited to, those provided for in the Laws and Regulations of the State of New York and the FLSA, e.g., the Motor Carrier Exemption.

**AS AND FOR A TWENTIETH DEFENSE**

21. Plaintiffs' claims for equitable relief are barred by the doctrine of unclean hands.

**AS AND FOR A TWENTY-FIRST DEFENSE**

22. The doctrines of waiver and estoppel bar the prosecution of this action.

**AS AND FOR A TWENTY-SECOND DEFENSE**

23. Laches bars the prosecution of this action.

**AS AND FOR A TWENTY-THIRD DEFENSE**

24. Plaintiff's claims are barred by the doctrines of discharge, waiver or abandonment.

## AS AND FOR A TWENTY-FOURTH DEFENSE

25.     Plaintiff's claims are barred by the doctrine of Accord and Satisfaction.

## AS AND FOR A TWENTY-FIFTH DEFENSE

26.     As Plaintiffs received payment in full of any wages owed, they are not entitled to damages for any alleged violations of New York labor Law 195.1 and 195.3.

**WHEREFORE**, having fully answered Plaintiffs' allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorneys' fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Date:   Mineola, New York
        August 3, 2020

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: /s/ Richard M. Howard
    Richard M. Howard, Esq.
    *Attorneys for Defendants*
    190 Willis Avenue
    Mineola, New York 11501
    T: (516) 747-0300
    F: (516) 237-2893
    rhoward@meltzerlippe.com