

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Richard Howard, Esq.*
*Direct Dial: 516-747-0300 ext. 177*
*Email: RHoward@meltzerlippe.com*
*Facsimile 516-237-2893*

August 18, 2020

**VIA ECF**
The Honorable Brian M. Cogan
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Reynoso v. Jack's Eggs and Other Ingredients
        Docket No. 1:20-cv-03010
        MLGB File No. 10822-00060

Your Honor:

 I write with counsel to Plaintiffs to provide the joint letter required by the Court's Mandatory Requirements. The action is a Fair Labor Standards Act ("FLSA") Complaint, seeking to form a collective and a class of drivers and assistant drivers. Jack's Eggs and Other Ingredients, LLC ("Jack's") sells kosher eggs and related products.

**Factual Basis for Claim**

 This is an action for money damages brought by Plaintiffs Manuel Reynoso and Luis Rodriguez. They bring this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the N.Y. Lab. Law §§ 190 et seq. and 650 *et seq.* (the "NYLL").

 Specifically, Plaintiffs allege that they were employed as a truck driver and driver's assistant with Defendants, who operate a food supplier. Plaintiffs allege Defendants forced plaintiffs and other employees to work without providing the minimum wage compensation required by federal and state law and regulations. The Plaintiffs were paid fixed weekly salary while required to work in excess of forty hours per week, effectively depriving them of required overtime compensation. Plaintiffs additionally allege violation of the New York Labor Law's

The Honorable Brian M. Cogan
August 18, 2020
Page 2

notice and recordkeeping provisions and that Defendants violated state law by requiring them to purchase tools of the trade from their own funds. Plaintiffs further allege that the aforementioned employment practices extended to all other similarly situated employees.

Defendants allege that Plaintiff Reynoso was employed as a driver. Defendants allege that is a dispute as to who employed Plaintiff Rodriguez. Plaintiffs assert, *inter alia,* they worked over 40 hours per week and were not paid at time and one half for all hours worked over 40 per week.

Jack's asserts it is exempt from this requirement, as Plaintiff Reynoso routinely drove to New Jersey in a truck of over 10,000 pounds and is therefore subject to the Department of Transportation and exempt from the Department of Labor's requirements and the FLSA.

Plaintiffs assert Jack's has failed to post or provide required notices and paystubs, which is apparently true, but the fact that Plaintiff Reynoso was paid in full, provides a complete defense to this claim.

**Legal Basis for Claim**

The Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.,* N.Y. Lab. Law §§ 190 et seq. and 650 *et seq.*

**Legal Basis for Defense**

29 USC §213.

Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1275 (M.D. Ala. 2004) (denying certification because individualized inquiries would eliminate "the economy of scale envisioned by the FLSA collective action procedure");

Hart v. JPMorgan Chase Bank, *N.A.*, No. 12-470, 2012 U.S. Dist. LEXIS 175983, *17 (M.D. Fla Dec. 11, 2012) (denying certification as "unwarranted," the court observed that individualized inquiries would be necessary on issues such as "whether plaintiffs actually worked 'off the clock' whether plaintiffs' supervisors were aware of any 'off-the-clock' work, ...and whether any 'off-the-clock' work fell within the *de minimis* exception to the FLSA");

Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 688 (D. Md. 2010) (denying certification, finding "no doubt" that plaintiffs' claims would require "an unmanageable assortment of individualized factual inquiries").

1020984.1

The Honorable Brian M. Cogan
August 18, 2020
Page 2
**Contemplated Motions**

Plaintiffs anticipate moving for conditional certification of the collective and certification of a class and the Defendants anticipate moving for summary judgment.

The Court's consideration of the above is appreciated.

      Respectfully submitted,
      MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP


      Richard M. Howard
      *Attorneys for Claimant*
      190 Willis Avenue
      Mineola, New York 11501
      (516) 747-0300

cc:    Clela Errington, Esq.
       Client

1020984.1