**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
MANUEL REYNOSO and LUIS RODRIGUEZ,
*individually and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | Docket No. 1:20-cv-03010 (BMC) |
| -against- | |
| | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** |
| JACK'S EGGS AND OTHER INGREDIENTS LLC (D/B/A JACK'S EGG FARM), JACK NEUSTADT, and MORDECAI NEUSTADT, | |
| *Defendants.* | |

------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiffs are unable to represent a conditional collective as they are not representative of or substantially similar to, other drivers and assistant drivers of Jack's Eggs and Other Ingredients, LLC ("Jack's"). Other drivers for Jack's and their assistants routinely travel to New Jersey. Plaintiffs, as has every Plaintiff in each of the actions against Jack's, represented by and cited by Plaintiffs' counsel in the subject motion, deny routinely travelling to New Jersey,[1] yet all of the other drivers acknowledge they routinely travel to New Jersey. (See Exhibits A and B to the Affidavit of Richard Howard, in opposition to this motion.)

If the members of the collective routinely travel to New Jersey and are in trucks of over 10,000 pounds, they are exempt under the FLSA. They may have claims under the New York State Labor Law, but have no Federal claims. A collective comprised of persons without cognizable claims is a non-entity.

---

[1] /   Mr. Rodriguez purports to be Mr. Reynoso's assistant driver, hence he likely also denies travelling to New Jersey.

As to Mr. Rodriguez, he presents a novel situation.  He is not employed by Jack's, hence, sooner or later, he cannot represent Jack's employees (See Exhibits A through E… to the Affidavit of Richard Howard, in opposition to this motion.)  Defendants recognize that this is not a cognizable objection to conditional certification, but note that, if the motion should be denied at this time for the reasons set forth herein, this should be an initial inquiry for post motion discovery and if the motion is granted at this time the asserted defense should be included in the Notice of Lawsuit, Islam v LX Ave. Bagels, Inc., 2019 WL 5198667, at *9-10 [SDNY Sept. 30, 2019], finding the proper notice in such a situation should include the following:

> Defendants deny Plaintiffs' claims and assert that all their employees have been paid appropriately. Defendants deny Plaintiffs' claims that they failed to receive minimum wages and overtime pay as required by law. Defendants also assert that neither Plaintiff is similarly situated to other former or current employees because Plaintiff **Islam** [here, Reynoso] was a **manager** [here, "asserted he virtually never drove into New Jersey] **and therefore is exempt from** [here, which affects exemptions under] wage and overtime laws, and Plaintiff **Siddik** [here, Rodriguez] was never employed by Defendants.

Defendants understand that a fact-intensive inquiry into the "merits" of Plaintiff's claim is not pertinent to adjudication of the Motion. Defendants, however, submit that alerting the Court to such matters is proper at this time given that (and as will be detailed below) adjudication of whether drivers who routinely drove to New Jersey would require the Court to engage in personal inquiries for each putative member which likely prevents conditional certification as a matter of law in any event.

The Plaintiffs' allegation that they did not routinely drive to New Jersey, while other drivers and personnel of Jack's assert that they do[2], points to the non-existence of a common

---

[2] /      It is of interest that it appears all of Jack's drivers routinely went to New Jersey, except those drivers who were represented by the Plaintiffs' counsel.  Nonetheless, as Plaintiffs Reynoso and Rodriguez swear they did not drive to New Jersey for Jack's, thereby avoiding the federal exemption or the state limitation, it does eliminate

policy or plan to violate the federal law.  Consequently, plaintiff's motion also must fail because putative collective members herein were, per the Plaintiffs assertions, apparently subject to disparate duties and employer policies.

## ARGUMENT

### POINT I

### PLAINTIFFS' ASSERTION THAT THEY VIRTUALLY NEVER DROVE TO NEW JERSEY RENDERS THEM SUBSTANTIALLY DISSIMILAR TO THE OTHER JACK'S DRIVERS

As reflected in exhibits "A" and "B" to the affirmation of Richard Howard, all Jack's drivers were required to travel to make deliveries in New Jersey.  Plaintiff Reynoso contends he did not make deliveries to New Jersey.  Plaintiff Rodriguez alleges he was Plaintiff Reynoso's assistant driver.  Therefore, he too, unlike the rest of the Jack's drivers purportedly did not drive to New Jersey.  This difference between Plaintiffs and other drivers for Jack's is significant, as making deliveries in New Jersey subjects drivers to the jurisdiction of the Secretary of Transportation, rendering them exempt from the Fair Labor Standards Act, removing the sole basis for federal jurisdiction in this action, while not making deliveries in New Jersey means they are not substantially similar to all the other drivers and assistant drivers of Jack's (apparently other than those that have been represented by Plaintiffs' counsel, each of whose matters have been resolved).

It is well settled that in determining whether a representative is similarly situated to another group of employees is determined by whether all are subject to a common scheme that

---

Plainiffs from being similarly situated to other Jack's drivers.  The alleged common plan has far less effect upon the other drivers (those who routinely drove to New Jersey) and none under federal law.  Consequently, that which Plaintiff calls a common plot or scheme, is rather simply the acceptance of federal law.  This also means the Plaintiffs either drove to New Jersey, are subject to the exemption and there is no federal jurisdiction in this action, or, if Plaintiffs still assert they virtually never drove to New Jersey, then they are not similarly situated to all the drivers who did drive to New Jersey and there can be no collective action.

violates the law, <u>Hintergerger v Catholic Health Sys.</u>, 2009 WL 3464134, at *4 [WDNY Oct. 21, 2009] ("plaintiffs need make only a "modest factual showing" that they and the other putative collective action members "together were victims of a common policy or plan that violated the law." <u>Rubery v. ButhNa–Bodhaige, Inc.</u>, 569 F. Supp. 2d 334, 336 (W.D.N.Y.2008)); *accord,* <u>Gordon v Kaleida Health</u>, 2009 WL 3334784, at *7-8 [WDNY Oct. 14, 2009]:

> The proper inquiry at the notice stage is simply " 'whether plaintiffs are similarly situated with respect to their allegations that the law has been violated.' " Hallissey v. Am. Online, Inc., 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6, 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) (quoting Chowdhury v. Duane Reade, Inc., 06 Civ. 2295, 2007 U.S. Dist. LEXIS 73853, at *15, 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007) (emphasis in original)).

Here, as the other drivers were all subject to the motor carrier exemption, the so called common scheme did not violate the law in question, the Fair Labor Standards Act ("FLSA").

It is equally well settled that exemptions under the FLSA must be considered in determining whether the employees are similarly situated, <u>Romero v H.B. Automotive Group, Inc.</u>, 2012 WL 1514810, at *6 [SDNY May 1, 2012], stating:

> The only issue presently before the Court is whether Plaintiffs have made the preliminary showing to have their entitlement to overtime, and the applicability of these exemptions, litigated as a 'collective action.' "). However, the possible existence of exemptions may be relevant to an analysis of whether employees are similarly situated to each other, whether plaintiffs have satisfied the commonality requirement of Federal Rule of Procedure 23, or whether a plaintiff is likely to be an adequate class representative.

*Accord,* <u>Jackson v Bloomberg, L.P.</u>, 298 FRD 152, 161 [SDNY 2014]

In sum, Plaintiffs seek to conditionally certify a collective premised upon conditions wholly personal to themselves, as only they are not subject to the exemption, and such an

application under such circumstances must fail, <u>Walker v Honghua Am., LLC</u>, 870 F. Supp 2d 462, 465-66 [SD Tex 2012], ("(quoting Barron v. Henry County Sch. Sys., 242 F. Supp. 2d 1096, 1103 (M.D.Ala.2003)). " 'A court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.' " Id. (quoting England v. New Century Fin. Corp., 370 F.Supp.2d 504, 507 (M.D.La.2005)).)

Based upon the above and the affidavits attached to the Richard Howard Affirmation, Plaintiffs are simply not similarly situated.

## POINT II

### SHOULD THE COURT DECIDE TO CONDITIONALLY CERTIFY THIS MATTER AS A COLLECTIVE ACTION, THE NOTICE SHOULD INCLUDE A MORE COMPLETE EXPLANATION OF THE DEFENDANTS' PROFFERRED DEFENSES, INCLUDING THAT <u>MR. RODRIGUEZ WAS NEVER EMPLOYED BY SAID DEFENDANTS</u>

As set forth above, where a purported class representative's employment by the Defendants is in question and is raised as a defense by said Defendants, the putative collective members should be made aware of that fact, <u>Islam v LX Ave. Bagels, Inc.</u>, *supra*. Otherwise, people having nothing to do with this action, merely possessing poor character, will be encouraged to state spurious claims.  Simply by making said persons aware that their employment is subject to challenge, such spurious claims are less likely to occur.

## CONCLUSION

The application of the Motor Carrier exemption is critical in this case, creating questions, of *inter alia,* continued federal question jurisdiction and whether any common scheme to violate the law existed.  Where, as here, only Plaintiffs Reynoso and Rodriguez, among Defendants'

drivers, assert that they did not travel into New Jersey, the application of the exemption creates a critical difference between Plaintiffs and the putative conditional collective, such that they are not substantially similar.  Consequently, Plaintiffs' motion for conditional certification must be denied.

Wherefore, it is respectfully requested that the Plaintiffs' motion for conditional certification be denied in its entirety and that Defendants be awarded such other and further relief as this Court deems just and proper.

Dated:  Mineola, New York
         October 16, 2020

                                        Meltzer, Lippe, Goldstein & Breitstone, LLP


                                        By:      /s/ Richard M. Howard
                                                 Richard M. Howard
                                                 *Attorneys for Defendants*
                                                 190 Willis Avenue
                                                 Mineola, New York 11501
                                                 (516) 747-0300