```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MANUEL REYNOSO and LUIS                                     :
RODRIGUEZ, individually and on behalf of                    :
others similarly situated,                                  :    MEMORANDUM
                                                            :    DECISION AND ORDER
                            Plaintiffs,                     :
            -against-                                       :    20-cv-3010 (BMC)
                                                            :
JACK'S EGGS AND OTHER INGREDIENTS                           :
LLC (d/b/a JACK'S EGG FARM), JACK                           :
NEUSTADT, and MORDECAI                                      :
NEUSTADT,                                                   :
                                                            :
                            Defendants.                     :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs Manuel Reynoso and Luis Rodriguez have brought this action against Jack Neustadt, Mordecai Neustadt, and Jack's Eggs and Other Ingredients, LLC, doing business as Jack's Egg Farm (collectively, "defendants"), alleging several violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq. Before me is plaintiffs' motion seeking approval of court-facilitated notice under the FLSA. See 29 U.S.C. § 216(b). Because plaintiffs have offered no evidence that their hours and pay reflected a common policy or plan imposed on other employees, their motion is denied.

## BACKGROUND

Defendants own and operate a food products supply business. Reynoso worked for them as a truck driver, delivering groceries from defendants' Brooklyn warehouse to grocery stores in New York City and Long Island. Rodriguez worked as a driver's assistant, helping Reynoso unload goods from the truck.

Plaintiffs allege that they received a "fixed salary." For Reynoso, it varied between $800 and $1000 per week; for Rodriguez, it was $500 per week. Plaintiffs allege that they received this salary regardless of how many hours they worked. Although they had a "usual schedule" for their deliveries, the hours varied. Inconsistent traffic conditions ensured that they did not always complete their delivery routes in a set amount of time. And defendants would require plaintiffs to work two to three hours past their usual schedule "two to three times per week." Still, plaintiffs estimate that they "typically" worked between 60 and 70 hours per week.

Based on these allegations, plaintiffs have brought minimum wage and overtime claims under the FLSA. They have also asserted several NYLL-specific claims. Here, plaintiffs propose a collective consisting of "all current and former truck drivers and truck drivers' assistants, and/or delivery workers who worked for [d]efendants any time within the three years prior to the filing of the Complaint through the date of any order granting conditional certification."

## DISCUSSION

The FLSA authorizes employees to bring a collective action to recover unpaid minimum wage and overtime compensation on behalf of themselves and similarly situated employees. See 29 U.S.C. § 216(b). Because similarly situated employees can become plaintiffs only by filing written consent with the court, see id., courts have discretion to facilitate notice to those employees, see Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). This process is often referred to as certification, see, e.g., Weng v. Kung Fu Little Steamed Buns Ramen, Inc., No. 17-cv-273, 2018 WL 1737726, at *2 (S.D.N.Y. March 26, 2018), although I prefer to refer to it as approval to proceed with a collective action to distinguish it from certification of class actions under Federal Rule of Civil Procedure 23.

When determining whether to approve a collective action, courts in the Second Circuit conduct a two-step process. See Myers v. Hertz Corp., 624 F.3d 537, 554–55 (2d Cir. 2010). First, in a step referred to as conditional certification, the court "mak[es] an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. at 555 (quotation omitted). Second, "the district court will, on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." Id. (quotation omitted).

This case is at the "conditional certification" stage. Plaintiffs must "make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." Id. (quotation omitted). "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." Romero v. La Revise Assocs., LLC., 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013) (quotation omitted). Specifically, plaintiffs "must show a factual nexus . . . between the plaintiff[s'] situation and the situation of other potential plaintiffs," which plaintiffs can achieve through "pleadings, affidavits, and declarations." Fernandez v. On Time Ready Mix, Inc., No. 14-cv-4306, 2014 WL 5252170, at *1 (E.D.N.Y. Oct. 4, 2014) (quotation omitted).

In this case, plaintiffs have relied on three sources of information. The first is the complaint; the second is their affidavits. These documents address only plaintiffs' own experiences at the distribution business. Although a court may infer the existence of a common policy or plan based on a plaintiff's own experiences, see, e.g., Weng, 2018 WL 1737726, at *3, I cannot do that here. Plaintiffs do not claim to have observed that defendants subjected other

3

employees to that practice. See Murray v. City of New York, No. 16-cv-8072, 2017 WL 3531552, at *6 (S.D.N.Y. Aug. 16, 2017). Nor do plaintiffs allege that other employees reported that they, too, were not paid overtime or the minimum wage. See id. And some of the employees in the proposed collective may fall within an FLSA exemption. See Romero v. H.B. Auto. Grp., Inc., No. 11-cv-386, 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012) (discussing the impact of exemptions at the conditional certification stage); see also McCall v. Disabled Am. Veterans, 723 F.3d 962, 965 (8th Cir. 2013) (discussing the exemption for a "motor private carrier").[1] In short, plaintiffs' "self-focused" pleading and affidavits offer no evidence to show that their hours and pay reflected a common policy or plan imposed on other truck drivers and assistants. Murray, 2017 WL 3531552, at *6; see also Bahr v. PNW Enterprises, LLC, No. 16-cv-1223, 2017 WL 816140, at *2 (S.D.N.Y. Mar. 1, 2017).

Seeking to establish that common policy or plan, plaintiffs point to complaints from four other actions filed in this district.[2] By plaintiffs' estimation, these complaints "alleg[e] substantially similar labor claims against the same employer." But every action ended in a settlement or dismissal. And as a general matter, "Second Circuit case law is clear that

---

[1] Defendants seem to ask the Court to go one step further and resolve whether the other drivers do, in fact, fall within this exemption. They have submitted affidavits from several employees, and they aver that all drivers, including plaintiffs, routinely drove across state lines. Defendants also claim that Rodriguez never worked for them.

There are several problems with this argument. Although FLSA exemptions may affect whether conditional certification is appropriate, the court does not reach the merits of those exemptions at this stage. Romero, 2012 WL 1514810, at *6. Further, it is well established that "competing declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process," for the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Anjum v. J.C. Penney Co., No. 13-cv-460, 2015 WL 3603973, at *7 (E.D.N.Y. June 5, 2015) (quotations omitted). And "statements gathered by an employer from its current employees are of limited evidentiary value in the FLSA context because of the potential for coercion." Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439, 450 n.3 (S.D.N.Y. 2013) (quotation omitted).

[2] Reynoso and Rodriguez's counsel represented the plaintiffs in each of these actions. See Compl., Vargas v. Jack's Eggs and Other Ingredients, LLC, No. 18-cv-5341 (E.D.N.Y. Sept. 21, 2018), ECF No. 1; Compl., de la Cruz v. YTS Trading, LLC, No. 17-cv-2395 (E.D.N.Y. April 21, 2017), ECF No. 1; Compl., Lopez v. YTS Trading, LLC, No. 16-cv-2091 (E.D.N.Y. April 27, 2016), ECF No. 1; Compl., Garcia v. YTS Trading, LLC, No. 14-cv-4397 (E.D.N.Y. July 21, 2014), ECF No. 1.

paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of [Federal Rule of Civil Procedure] 12(f)." RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) (citing Lipsky v. Commonwealth United Corp., 551 F.2d 887, 892–94 (2d Cir. 1976)), aff'd, 387 F. App'x 72 (2d Cir. 2010). More to the point, plaintiffs "ha[ve] not cited, and the Court is unaware, of any case law basing approval of an FLSA collective action on unverified complaints filed in other lawsuits." Becerra v. IM LLC-I, No. 14-cv-2671, 2015 WL 1954478, at *6 (E.D.N.Y. Apr. 29, 2015), aff'd, 2016 WL 8968978 (E.D.N.Y. Feb. 20, 2016). Other courts have roundly rejected this kind of evidence. See e.g., Garcia v. Chipotle Mexican Grill, Inc., No. 16-cv-601, 2016 WL 6561302, at *8 n.9 (S.D.N.Y. Nov. 4, 2016). As one court explained, "It is not the Court's job to sift through documents filed in other lawsuits searching for evidence of similarly situated plaintiffs." Becerra, 2015 WL 1954478, at *6.

Plaintiffs have failed to meet even the minimal burden of showing that they are similarly situated to potential opt-in plaintiffs.

## CONCLUSION

Plaintiffs' [17] motion for conditional approval of a collective action, and for court-authorized notice, is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
December 13, 2020

5