**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
MANUEL REYNOSO and LUIS RODRIGUEZ,

                *Plaintiffs,*                 **JOINT PRETRIAL ORDER**

        -against-

                                                              CV-20-3010 (BMC)

JACK'S EGGS AND OTHER INGREDIENTS LLC
(D/B/A JACK'S EGG FARM), JACK NEUSTADT, and
MORDECHAI NEUSTADT,

                *Defendants.*
-------------------------------------------------------------------X

Hon. Brian M. Cogan, United States District Judge:

       The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

### i.    **FULL CAPTION**

       The full caption is as listed above.

### ii.    **TRIAL COUNSEL**

| *Counsel for Plaintiff* | *Counsel for Defendants* |
|---|---|
| **Clela Errington, Esq.**<br>Michael Faillace & Associates, PC<br>60 East 42nd Street, Suite 2020<br>New York, New York 10165<br>Telephone: (212) 317-1200<br>Fax: (212) 317-1620<br>Email: cerrington@faillacelaw.com | **Richard M. Howard, Esq.**<br>Meltzer, Lippe, Goldstein & Breitstone, LLP<br>190 Willis Ave<br>Mineola, NY 11501<br>Telephone: (516) 747-0300<br>Fax: (516) 237-2893<br>Email: rhoward@meltzerlippe.com |

### iii. SUBJECT MATTER JURISDICTION

Plaintiffs brought this case alleging subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. §1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

Defendants do not deny subject matter jurisdiction exists.

### iv. BRIEF STATEMENT OF EACH CLAIM AND DEFENSE

This is an action for money damages brought by Plaintiffs Manuel Reynoso and Luis Rodriguez alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").. Plaintiffs assert the following claims, all of which remain to be tried.

1. **Violation of the Minimum Wage Provisions of the FLSA.** Plaintiffs allege that Defendants were their employers and failed to pay them the applicable hourly minimum wage rate. 29 U.S.C. §§ 206, 216, 255(a).

**In response**, Defendants assert that they paid the proper minimum wage and overtime wage to Plaintiff Reynoso. Defendants deny Plaintiff Rodriguez was ever paid by them or was ever in their employ.

2. **Violation of the Overtime Provisions of the FLSA**. Plaintiffs allege that Defendants were their employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week. 29 U.S.C. §§ 207, 216, 255(a).

**In response**, Defendants deny Plaintiff Rodriguez was ever paid by them or was ever in their employ. Defendants acknowledge Plaintiff Reynoso may have worked over 40 hours in

2

certain weeks.  Defendants assert the motor carrier exemption, limiting their liability to time and one half of the then applicable minimum wage for said hours.

3. **Violation of the New York Minimum Wage Provisions**.  Plaintiffs allege that Defendants were their employers and failed to pay them the applicable hourly minimum wage rate.  NYLL §§652(1), 663.

**In response**, Defendants deny Plaintiff Rodriguez was ever paid by them or was ever in their employ.  Defendants assert Plaintiff Reynoso was paid above minimum wage for every hour he worked.

4. **Violation of the New York Overtime Provisions.**  Plaintiffs allege that Defendants were their employers and failed to pay them the applicable overtime wage rate for all hours above 40 worked in a week.  NYLL §§190, et seq.; 12 NYCRR §146-1.4.

**In response**, Defendants acknowledge Plaintiff Reynoso may have worked over 40 hours in certain weeks.  Defendants assert the motor carrier exemption, limiting their liability to time and one half of the then applicable minimum wage for said hours.  As Mr. Reynoso's regular time wage was believed to be above the New York minimum wage and he was paid for all hours worked, he likely received nearly, at or above the required overtime wage under New York State law.

5. **Violation of Spread of Hours Wage Order.** Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day each Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

**In response**, Defendants assert employees outside of the hospitality industry do not receive spread of hours where they have been paid above minimum wage.

6. **Violation of the Notice and Recordkeeping Requirements of the New York Labor Law.** Plaintiffs allege that Defendants failed to provide them with a written notice, in English and in Thai (Plaintiffs primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

**In response**, Defendants are still checking to see if a 195.1 statement was signed by Plaintiff Reynoso. Defendants assert they have never employed Plaintiff Rodriguez

7. **Violation of the Wage Statement Provisions of the New York Labor Law.** Plaintiffs allege that Defendants did not provide them with a statement of wages with each payment, as required by NYLL §195(3).

**In response**, Defendants provided Plaintiffs with a Notice and Acknowledgment of Pay Rate and Payday indicating Plaintiffs' regular wage rate, overtime rate, and regular payday.

**v.    WHETHER TRIAL IS TO A BENCH OR JURY TRIAL**

The trial is to be by jury.

**vi.   WHETHER THE PARTIES CONSENT TO TRIAL OF THE CASE BY A MAGISTRATE JUDGE**

The parties have not consented to trial by the magistrate judge.

**vii.  JOINT STIPULATIONS**

The parties stipulate that the following facts are true and thus no proof is necessary. However, no concessions are made as to the materiality or relevance of these facts.

## JOINT STIPULATIONS OF FACT

1. The Plaintiffs filed this present action in the United States District Court in the Eastern District of New York on July 7, 2020.

2. Defendants own and operate a butter, eggs and related products distribution company located in Brooklyn, New York.

3. At all relevant times, Defendants' business had annual gross sales exceeding $500,000.

4. At all relevant times, Defendants' business used goods produced in or transported in interstate commerce.

## JOINT STIPULATIONS OF LAW

1. The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

2. The statute of limitations under the New York Labor Law is six years.

3. Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

4. Under both federal and New York state law, an employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4, subject to exemptions provided in the FLSA.

5. Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1), subject to exemptions provided in the FLSA.

6. The regular rate of pay "is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; 29 U.S.C. § 207(e).

7. The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Accordingly, if Plaintiffs are awarded damages at trial, they should also be awarded attorneys' fees and costs in an amount to be determined after trial.

**viii. WITNESS LIST**

**Plaintiffs' Witnesses**

1. Manuel Reynoso
2. Luis Rodriguez
3. David Feliz
4. Victor Adameo
5. Jose Vargas
6. Victor Vargas

Plaintiffs reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes.

Plaintiffs reserve the right to call additional witnesses to rebut defendants' witnesses.

**Defendants' Witnesses**

1. Jacob Neustadt

2. Mordy Neustadt

3. Abraham Adler

4. Faith McGinnes

5. David Padilla

6. Luis Sanchez

7. Tzvi Deutsch

Defendants reserve the right to call additional witnesses, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Defendants' witnesses will likely not testify through an interpreter.

**ix.   DEPOSITION DESIGNATIONS**

The parties do not intend to offer deposition testimony in place of live testimony at trial, although they reserve the right to use deposition testimony for the purpose of impeachment, should any depositions be permitted.

**x.   EXHIBITS**

**Exhibit List**

The parties reserve the right to offer additional exhibits, including but not limited to deposition testimony transcripts, for the purpose of impeachment.

Exhibits listed as P-[number] will be offered by Plaintiffs. Exhibits listed as D-[letter] will be offered by Defendants.

| **Exhibit** | **Description** | **Objection** |
|---|---|---|
| P-1 | Delivery Receipts | |
| P-2 | Text messages | |
| D-A | Payroll records | Were not produced to Plaintiff in response to discovery demands |
| D-B | Business records of truck usage | Were not produced to Plaintiff in response to discovery demands |

xi.  **RELIEF SOUGHT**

**FLSA and NYLL Minimum Wage and Overtime**

Plaintiff maintains that Defendants are liable for unpaid minimum and overtime wages in the amount of $116,560.20. The damages are calculated by determining the pay Plaintiff would have received each week if they were paid overtime pay for hours worked above 40 at the rate of one-and-a-half times their regular rate, and subtracting the amount Plaintiff was actually paid for each week.

**FLSA and NYLL Liquidated Damages on Unpaid Minimum Wage & Overtime**

Plaintiff maintains the Defendants are liable for liquidated damages under the FLSA in the amount of $116,560.20. The damages are calculated by calculating the damages Plaintiff is owed under the FLSA and NYLL for failure to pay minimum and overtime wages, and awarding an equal amount in liquidated damages for each measure.

**Violation of New York Annual Wage Notice Law**

Plaintiff maintains Defendants are liable in the amount of $10,000.00. The damages care calculated by multiplying the number of weeks the violation persisted for by $50, up to a maximum of $2,500, for each Plaintiff

8

### Violation of New York Wage Statement Law

Plaintiff maintains Defendants are liable in the amount of $10,000.00. The damages are calculated by multiplying the number of weeks the violation occurred for by $100, up to a maximum of $2,500, for each Plaintiff.

### Spread of Hours

Plaintiff maintains Defendants are liable in the amount of $27,931.00. This amount is calculated by multiplying the number of shifts worked by Plaintiffs that began and ended more than ten hours apart, and multiplying this by the statutory minimum wage at the time.

### Tools of the Trade

Plaintiffs maintain that Defendants are liable in the amount of $2500. This amount is calculated by calculating the weekly and monthly expenses that Plaintiffs expended on "tools of the trade" and multiplying them by the number of weeks worked.

### Prejudgment Interest, Attorneys' Fees and Costs

Plaintiff maintains that Defendants are liable for prejudgment interest, attorneys' fees and costs. The amounts of these damages will be determined after trial.

SO ORDERED:

Dated: New York, New York
_____, 2021

_____
HON. BRIAN M. COGAN
United States District Judge

4835-5717-8843, v. 3