UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANUEL REYNOSO and LUIS RODRIGUEZ,
*individually and on behalf of others similarly situated,*

       *Plaintiffs*,

  -against-          Docket No. 1:20-cv-03010 (BMC)

JACK'S EGGS AND OTHER INGREDIENTS LLC
(D/B/A JACK'S EGG FARM), JACK NEUSTADT,
and MORDECAI NEUSTADT,

       *Defendants.*
-------------------------------------------------------------------X

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND CHARGE**

### **INITIAL CHARGE**

### **PJI 1:3 Openings and Evidence**

  When I have completed these opening instructions to you, the attorneys will make opening statements to you in which each will outline for you what (he, she) expects to prove. The purpose of such opening statements is to tell you about each party's claims so that you will have a better understanding of the evidence as it is introduced. What is said in such opening statements is not evidence. The evidence upon which you will base your decision will come from the testimony of witnesses here in court or in examinations before trial, or in the form of photographs, documents, or other exhibits introduced into evidence. Plaintiff makes an opening statement first, and is followed by defendant. After the opening statements, plaintiff will introduce evidence in support of (his, her) claim. Normally a plaintiff must produce all of (his, her) witnesses and complete (his, her) entire case before defendant introduces any evidence, although exceptions are sometimes made to that rule in order to accommodate a witness. After

plaintiff has completed the introduction of all of (his, her) evidence, defendant may present witnesses and exhibits. If (he, she) does so, plaintiff may be permitted to offer additional evidence for the purpose of rebutting defendant's evidence. Each witness is first examined by the party who calls that witness to testify, and then the opposing party is permitted to question the witness.

### PJI 1:6 Function of Court and Jury

After the summations, I will instruct you on the rules of law applicable to the case and you will then retire for your deliberations. Your function as jurors is to decide what has or has not been proved and apply the rules of law that I give you to the facts as you find them to be. The decision you reach will be your verdict. Your decision will be based on the testimony that you hear and the exhibits that will be received in evidence during the trial. You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts. As to the facts, neither I nor anyone else may invade your province. I will preside impartially and not express any opinion concerning the facts. Any opinions of mine on the facts would, in any event, be totally irrelevant because the facts are for you to decide. On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you are required to accept the rules of law that I give you whether you agree with them or not. You are not to ask anyone else about the law.  You should not consider or accept any advice about the law from anyone else but me.

### PJI 1:4 Objections, Motions, Exceptions

At times during the trial, an attorney may object to a question or to the introduction of an exhibit or make motions concerning legal questions that apply to this case. Arguments in connection with such objections or motions are sometimes made out of the presence of the jury.

Any ruling upon such objections or motions will be based solely upon the law and therefore you must not conclude from any such ruling or from anything I say during the course of the trial that I favor either party to this lawsuit. After such a ruling, you may hear one of the attorneys taking what we call an exception to it. Exceptions have nothing to do with your role in this case and I mention the procedure to you so that you will not be confused if you hear the word during the trial.

**PJI 1:5 Summations**

Upon completion of the introduction of evidence, the attorneys will again speak to you in a closing statement or summation. In summing up, the lawyers will point out what they believe the evidence has shown, what inferences or conclusions they believe you should draw from the evidence and what conclusions they believe you should reach as your verdict. What is said by the attorneys in summation, like what is said by them in their opening statements, or in the making of objections or motions during the trial, is not evidence. Summations are intended to present the arguments of the parties based on the evidence. Under our system, the defendant sums up first, followed by the plaintiff.

**PJI 1:7 Consider Only Competent Evidence**

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions and you may hear no answer, or, where an answer has been made, I may instruct that it be stricken or removed from the record and that you disregard it and dismiss it from your minds. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony which has been stricken or removed from the record in reaching your decision. The law requires that your decision be made solely upon the evidence

before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

**PJI 1:8 Weighing Testimony**

The law does not, however, require you to accept all of the evidence I shall admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

**PJI 1:22 Falsus in Uno**

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

**PJI 1:11 Discussion With Others—Independent Research**

In fairness to the parties to this lawsuit, it is very important that you keep an open mind throughout the trial. Then, after you have heard both sides fully, you will reach your verdict only on the evidence as it is presented to you in this courtroom, and only in this courtroom, and then only after you have heard the summations of each of the attorneys and my instructions to you on the law. You will then have an opportunity to exchange views with each member of the jury during your deliberations to reach your verdict.

Please do not discuss this case either among yourselves or with anyone else during the course of the trial. Do not do any independent research on any topic you might hear about in the testimony or see in the exhibits, whether by consulting others, reading books or magazines or conducting an internet search of any kind. All electronic devices including any cell phones, Blackberries, iphones, laptops or any other personal electronic devices must be turned off while you are in the courtroom and while you are deliberating after I have given you the law applicable to this case.

It is important to remember that you may not use any internet services, such as Google, Facebook, Twitter or any others to individually or collectively research topics concerning the trial, which includes the law, information about any of the issues in contention, the parties, the lawyers or the court. After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences, either directly, or through your favorite electronic means.

For now, be careful to remember these rules whenever you use a computer or other personal electronic device during the time you are serving as a juror but you are not in the courtroom.

While this instruction may seem unduly restrictive, it is vital that you carefully follow these directions. The reason is simple. The law requires that you consider only the testimony and evidence you hear and see in this courtroom. Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information to affect your judgment, is unfair and prejudicial to the parties and could lead to this cases having to be retried.

Accordingly, I expect that you will seriously and faithfully abide by this instruction.

**PJI 1:13 Conversation With Parties or Attorneys**

Although it is a normal human tendency to talk to people with whom one comes in contact, please do not, during the time you serve on this jury, talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not talk about the case, but do not talk to them at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

## POST TRIAL INSTRUCTIONS

## PJI 1:20 Introduction

Members of the jury, we come now to that portion of the trial when you are instructed on the law applicable to the case and after which you will retire for your final deliberations. You have now heard all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions which each party believes should be drawn from the evidence presented to you.

## PJI 1:21 Review Principles Stated

You will recall that at the beginning of the trial I stated for you certain principles so that you could have them in mind as the trial progressed. Briefly, they were that you are bound to accept the law as I give it to you, whether or not you agree with it. You are not to ask anyone else about the law. You should not consider or accept any advice about the law from anyone else but me. Furthermore, you must not conclude from my rulings or anything I have said during the trial that I favor any party to this lawsuit. Furthermore, you may not draw any inference from an unanswered question nor consider testimony which has been stricken from the record in reaching your decision. Finally, in deciding how much weight you choose to give to the testimony of any particular witness, there is no magical formula which can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. The items to be taken into consideration in determining the weight you will give to the testimony of a witness include the interest or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner of the witness as the witness testified, the opportunity that the witness had to observe the facts about which he or she testified, the probability or

improbability of the witness' testimony when considered in the light of all the other evidence in the case.

**Just and Reasonable Inference:** Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515(1946).

"[A]n employee has carried his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

**Fair Labor Standards Act – Elements** 29 U.S.C.A. s201, et. seq.; Lucas v. Jerusalem Cafe, LLC, 4:10-CV-00582-DGK, 2012 WL 1758153 (W.D. Mo. May 10, 2012)

"The elements of an FLSA claim are:

1) plaintiff was employed by defendant during the relevant period;

2) plaintiff was a covered employee; and

3) the defendant failed to pay plaintiff minimum wage and/or overtime pay."

**PJI 1:22 Falsus in Uno**

If you find that any witness has willfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his or her testimony as you deem true and disregard what you feel is false. By the processes which I have just described to you, you, as the sole

judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

**PJI 1:25 Consider Only Testimony and Exhibits**

In deciding this case, you may consider only the exhibits which have been admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom (or as there has been read to you testimony given on examination before trial. Under our rules of practice an examination before trial is taken under oath and is entitled to equal consideration by you notwithstanding the fact that it was taken before the trial and outside the courtroom). However, arguments, remarks, and summation of the attorneys are not evidence nor is anything that I now say or may have said with regard to the facts, evidence.

**PJI 1:25A Juror's Use of Professional Expertise**

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

**PJI 1:23 Burden of Proof**

The burden of proof rests on the plaintiffs. That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiffs makes is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance of the evidence means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers

to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiffs to prevail on a claim, the evidence that supports their claim must appeal to you as more nearly representing what took place than the evidence opposed to their claim. If it does not, or if it weighs so evenly that you are unable to say that there is preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiffs' claim outweighs the evidence opposed to it that you can find in favor of plaintiffs.

**PJI 4:20 Damages—Generally (Taken from Contract Damages)**

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether either plaintiff is entitled to recover from the defendants. If you decide, either is not entitled to recover, you need not consider damages regarding that Plaintiff. Only if you decide that a plaintiff is entitled to recover will you consider damages for that Plaintiff.

**Spread of Hours:** 12 NYCRR §137-1.7 and 3.1l and 12 NYCRR 146-3.3

Plaintiffs in their Complaint sought what is known as "Spread of Hours" Damages. You should be aware these are only available to Plaintiffs in the Hospitality and Food Service Industries. In accordance with the definitions of New York State regulations, a trucker delivering butter and eggs on a wholesale basis is in neither said industry.

**Tools of the Trade:** Guan Ming Lin v Benihana Nat'L Corp., 755 F Supp 2d 504, 511-12 [SDNY 2010]; *Accord* Wass v NPC Intern., Inc., 688 F Supp 2d 1282, 1285 [D Kan 2010] Dolinski v Avant Bus. Serv. Corp., 2014 WL 316991, [SDNY Jan. 28, 2014]

Plaintiffs may contend that they were compelled to purchase gloves and boots by Defendants. If you find these were necessary "tools of the trade" (trucking), meaning: (a) they were for the benefit of the employer; (b) were required by the employer; (c) were not "ordinary wardrobe items" and (d) if the cost of same would, if deducted from their first week's wage, reduce the Plaintiff(s)' wages below minimum wage for said week, then the Fair Labor Standards Act would be violated and the employer must reimburse them for same and the statutory liquidated damages would be apply,. If, however, any of these factors do not apply, that is if there are ordinary wardrobe items, if they were not required by the employer, if they did not benefit the employer, or if the cost of same, when reduced from the first week's wage would still provide above minimum wage or were not for the benefit of the employer, then no Fair Labor Standards Act violation occurred.

**Calculating the Proper Rate of Pay 29 CFR 778.113 Article 6 New York Labor Law**

If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, is computed by dividing the salary by the number of hours which the salary is intended to compensate. Here, you must determine if the salary is intended to cover all hours worked at the permissible hourly rate, inclusive of any overtime rate paid for hours worked over 40 and is sufficient than all wages would be properly paid. If, however you find that said weekly salary was only intended to cover 40 hours or was not intended to cover all hours at the legally required rate, than an overtime rate would also be owed.

**Motor Carrier Exemption** 29 U.S.C. § 213. <u>Dauphin v Chestnut Ridge Transp., Inc.</u>, 544 F Supp 2d 266, 271 [SDNY 2008]; <u>Morris v. McComb</u>, 332 U.S. 422, 430, 68 S.Ct. 131, 92 L.Ed. 44 (1947); Article 6, New York Labor Law

Under the Fair Labor Standards Act, employees are generally entitled to be paid one and one half times their regular rate of pay for all hours over 40 worked in any one week. The Fair labor Standards Act however exempts employees who drive trucks weighing over 10,000 lbs if he/she is likely to be called on to perform interstate travel. Even if a particular employee does not typically drive interstate, the employees are all subject to the motor carrier exemption while they fill that position regardless of the actual number of hours they individually devote to interstate travel.

New York State, however modifies this exemption to require that such interstate drivers receive one and one half the required minimum wage for such hours over 40, even though such drivers are exempt from overtime requirements under the Fair Labor Standards Act.

**PJI 1:24 Return to Courtroom**

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you have any question about my instructions to you on the law, you have the right to return to the courtroom for the purpose of having such testimony read to you or have such question answered.

**PJI 1:28 Conclusion**

I have now outlined for you the rules of law that apply to this case and the processes by which you weigh the evidence and decide the facts. In a few minutes you will retire to the jury room for your deliberations. (Traditionally, Juror No. 1 acts as foreperson. Your first order of business when you are in the jury room will be the election of a foreperson.) In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is entitled to no greater weight than that of any other juror. Your function—to reach a fair decision from the law and the evidence—is an important one. When you are in the jury

room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence and while each of you must decide the case for yourself and not merely consent to the decision of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper respect and regard for the opinions of each other. Remember in your deliberations that the dispute between the parties is, for them, a very important matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to truly try the issues of this case and render a true verdict.

Dated: Mineola, New York
April 30, 2021

    Meltzer, Lippe, Goldstein & Breitstone, LLP

    By:  /s/ Richard M. Howard
        Richard M. Howard
        *Attorneys for Defendants*
        190 Willis Avenue
        Mineola, New York 11501
        (516) 747-0300